Matthias, J.
 

 The journal entry of the Court of Appeals is in part as follows:
 

 “1. An ordinance of the City of Akron No. 584— 1946 accepted by The East Ohio Gas Company in 1946, provides for the furnishing of gas to Akron and its inhabitants without discrimination except as provided in the ordinance. Emergency Rule 26, adopted in early 1947 by The East Ohio Gas Company with the approving order of the Public Utilities Commission of Ohio, removes the right of certain inhabitants of the city of Akron (namely those who have theretofore used fuel other than gas for heating purposes) to use natural gas as a fuel for heating except in cases of medical hardship. ■ It is therefore in direct conflict with the provisions of said Akron ordinance which contain no such limitation.
 

 
 *364
 

 “2.
 
 Said ordinance is a contract for utility service created pursuant to the provisions of Article XVIII, Section 4, of the Ohio Constitution and such company and the Public Utilities Commission of Ohio, proceeding in accordance with the public utilities law of the state, cannot alter such a contract.”
 

 It must be first noted that the decree of the Court of Common Pleas was entered before the adoption and promulgation by the Public Utilities Commission of its state-wide order dated October 3, 1947, which temporarily prohibited the furnishing of natural gas for space-heating equipment which replaced equipment using other fuels. That regulation was held valid by this court in the case of
 
 City of Akron
 
 v.
 
 Public Utilities Commission, ante,
 
 347. That order of the commission however is not involved in this case for the reason that it was not effective at the time Newman installed his gas heating equipment; in fact not until subsequent to the decision of this case in the Court of Common Pleas and while the appeal was pending in the Court of Appeals. The single question considered by the Court of Common Pleas and the Court of Appeals in the instant case was the validity of Rule 26 adopted by The East Ohio Gras Company and filed with and approved by the commission. ,
 

 The order of the commission approving amended Rule No. 26, issued March 17, 1947, removed all restrictions except the one involved in this case.
 

 The entry of the commission states:
 

 “The commission, being fully advised in the premises and of the nature of the emergency involved, finds [in part]:
 

 “That the demand of East Ohio’s consumers for gas has diminished sufficiently to warrant the substitution of the emergency rule and regulation [Amended Rule 26] set forth above for said emergency rule and
 
 *365
 
 regulation filed as aforesaid by order of the commission dated February 6,1947.
 

 * # * * #
 

 “Provided, however, that nothing herein shall be construed to be an approval by this commission of the reasonableness or justness of any rule or regulation, nor binding upon this commission in any future proceeding involving the reasonableness or justness of any rule or regulation.”
 

 The amended rule of the company issued March 17, 1947, removed all restrictions except only the one involved in this case.
 

 Upon the adoption of these rules by The East Ohio Gas Company and the filing thereof with the commission, the finding and order of the commission were limited to the ascertainment of jurisdictional facts authorizing the
 
 filing
 
 of the rule, and to the formal approval thereof. Such action of the commission differs from its procedure wherein its order of October 3, 1947, was adopted in that the latter order, which was state-wide in its effect and operation, was adopted and promulgated only after notice and full hearing, and upon finding such order to be necessary by reason of an emergency affecting the health, safety and welfare of the people of the state of Ohio.
 

 In the
 
 City of Akron case, supra,
 
 we held the order there involved was a proper exercise of the police power of the state in the interest of the health, safety and welfare of the people of Ohio during the existing emergency. The record in the instant case discloses only a formal approval by the commission of a proposed change in the rules of the utility, made without hearing and with no finding by the commission of the reasonableness or justness thereof.
 

 The Court of Common Pleas issued its injunction after a full hearing in which it had before it the con
 
 *366
 
 tract between The East Ohio Gras Company and the city of Akron, The East Ohio Gras Company’s Rule 26, both original and as amended, with its formal approval thereof by the Public Utilities Commission. The trial court after finding that there was a conflict between the rule and the contract decided the case in favor of Newman and issued its injunction.
 

 Upon appeal to the Court of Appeals on questions of law only, the decree of the Court of Commoh Pleas was affirmed. Both courts held that the mere filing of the rule with the commission did not as a matter of law affect the contract or nullify the rights and duties of the parties thereto.
 

 This case presents a proper occasion for the intervention of a court of equity to protect the inhabitants of the city from arbitrary action on the part of the company. The franchise contract was completed December 16,1946; on February 6,1947, by company rule gas deliveries were forbidden to new industries, to hew homes, to owners converting from other fuels to gas heating and to gas heating consumers installing new gas equipment which' used additional gas.
 

 On March 17, 1947, by rule, the furnishing of gas was resumed to all inhabitants except only those owners converting from other fuels to gas heating. If such procedure by' the company is valid and effective, then few provisions in the city contract are binding, on the company.
 

 It cannot be permitted to thus alter such provisions by the mere filing of a rule, although formally approved by the commission. Therein lies the distinction between this case as it comes to this court and the case on appeal from the Public Utilities Commission,
 
 City of Akron
 
 v.
 
 Public Utilities Commission, ante,
 
 347, this day decided.
 

 
 *367
 
 For the reasons indicated the judgment of the Court of Appeals is affirmed.
 

 Judgment
 
 affirmed. I
 

 Weygandt, C. J., Turner, Hart, Zimmerman, Sohngen and Stewart, JJ., concur.